Attorney: Steven S. Hansen
Email: stevenh@alaskalaw.com

Steven S. Hansen, #0911053
CSG, Inc.
714 Fourth Avenue, Suite 200
Fairbanks, AK 99701
(907) 452-1855
(907) 452-8154 fax
stevenh@alaskalaw.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| JUN "HARRY" LIANG AND BRIAN PHELAN, | ) ) ) |
| Defendant. | ) ) |

Case No. 4:23-cr-00013-RRB-SAO

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Brian Phelan, by and through undersigned counsel, largely concurs with Probation Officer Redd's recommendations: a fully probationary sentence is warranted in this situation. The primary points of disagreement are as to the length of the probation as well as some of the proposed conditions. Attached to this sentencing memo are two additional documents for this court's review: Mr. Phelan's allocution and a letter of support from his work supervisor, Greg Cheney.

### Additional Biographical Information

Until moving to Alaska in 2018 so that he and his wife could be close to her twin sister, Mr. Phelan lived his entire life in Connecticut and Pennsylvania. He worked

several jobs, which were largely in the public interest, including as an EMT on an ambulance and as a police officer in Harleton, Pennsylvania.

As an adult Mr. Phelan had trouble with his weight, which eventually grew to over 600 pounds, prohibiting him from working. During this time he stayed home and raised his children. It was a difficult period for the family during which money rarely exceeded bills. Following gastric-bypass surgery in August, 2017 he lost approximately 400 pounds and gained much more control of his life.

This roughly coincided with the family's move to Alaska. Having not worked for several years, and having felt that he had not properly supported his family's financial needs, Mr. Phelan took to employment enthusiastically, working several jobs, such as at Sportsman's Warehouse. During this period, eager to get more work, Mr. Phelan began working on the side for Mr. Liang. Much – if not the vast majority – of the work Mr. Phelan did was entirely legal, such as driving tourists at night to aurora viewing spots. It did, however, also include the misdemeanor conduct for which Mr. Phelan has pleaded guilty, including the false statement to Fish and Game and the driving of tourists up to the BLM wayside at the Arctic Circle without having secured the proper permits.

Mr. Phelan received relatively little of the profits from Mr. Liang's activities, as he was always paid by the job. He would receive approximately $400 for a trip to the Arctic Circle, though Mr. Phelan had to pay for his own gas, diminishing the profit even further. The hunting trip that has been the subject of much of this case, for instance, netted Mr. Liang $50,000 in cash, while Mr. Phelan was paid only around $1,500 for nearly a week's worth of work, during which he had to supply many of his own personal items and – again – pay for the gas. Mr. Phelan was not the only person Mr. Liang had working for him at the time.

CSG, INC.
ATTORNEYS AT LAW
714 FOURTH AVENUE, SUITE 200
FAIRBANKS, ALASKA 99701
PHONE: (907) 452-1855
FAX: (907) 452-8154

After the allegations in this case occurred, but before Mr. Phelan was charged with any offense, he took work as security supervisor at the North Star Center, the local halfway house, which was appropriate employment for someone with his law enforcement background. Happily the North Star Center has been able to keep him employed during the pendency of this case, and Mr. Phelan has risen steadily in their ranks over the past two years as they have come to appreciate his reliability and ability to do his work in a difficult environment. Mr. Phelan is currently the Security Manager / Deputy Director, the number two spot at the house. His direct supervisor has written him a letter of support and, given the resolution of this case, they are happy they will be able to keep him employed there in the future.

## Sentencing Recommendations

Mr. Phelan asks this court to impose a two year period of probation and concurs with the Presentence Report's recommendation of a $2,000 fine and the suggested special condition of supervision imposing a warrantless search based on reasonable suspicion of contraband. There are two other conditions of supervision, numbers 8 and 10 on page 16, that he asks this court not to impose, given his unique circumstances. He has no objection to the remaining proposed conditions.

PO Redd proposed the conditions of probation in the draft PSR. Mr. Phelan raised timely objections to the PSR. In regards to the probationary conditions he wrote:

> Two "standard" probation conditions cause me concern in this case. First condition 10, which would prohibit the possession or access to firearms, ammunition, etc. Because Mr. Phelan has been convicted only of misdemeanor offenses, there is no prohibition on firearm possession under section 921. Nor has he been convicted or accused of a crime of violence. As argued above, no firearm was utilized in a meaningful way in any of the three charges to which Mr. Phelan pled. To the degree a firearm was utilized in any way to further an illegal scheme it was done so in a manner that posed no danger of being used against people.

Defendant's Sentencing Memorandum
*USA v. Liang & Phelan; 4:23-cr-00013-RRB-SAO*
Page 3 of 5
CSG, INC.
ATTORNEYS AT LAW
714 FOURTH AVENUE, SUITE 200
FAIRBANKS, ALASKA 99701
PHONE: (907) 452-1855
FAX: (907) 452-8154

The second condition that I would ask to be removed is condition 8, which reads "You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer." As you are aware, Mr. Phelan is currently a security manager at the Northstar Center Residential Reentry Program, where he has been employed since before this case was charged. Enforcing this provision would be onerous to the point that Mr. Phelan would be unable to continue his current employment. Nor is this condition necessary given Mr. Phelan's very limited criminal history and the fact that he is only being convicted for a misdemeanor in this case.

As to the length of probation, Mr. Phelan's first criminal offense in his life came at age 51. He is statistically unlikely to offend because of his age and further unlikely to offend because of his temperament. While it is likely that a 4 four year period of probation will have little practical effect on Mr. Phelan's life, given the unlikeliness of reoffense, it is also more than sufficient given his history and these specific charges.

In addition, as a practical matter there is very little for Probation to monitor in regards to Mr. Phelan. He has no history of substance abuse that needs attention, no need for further programming to deal with anger management or general criminal behavior. It is likely that probation will largely consist of routine, monthly check-ins at the probation office and the occasional request for a travel pass for work purposes. Given the limited value in supervising Mr. Phelan's conduct at all, four years exceeds the amount necessary in this case.

/s/ Steven S. Hansen
714 Fourth Avenue, Suite 200
Fairbanks, Ak 99701
Phone: (907) 452-1855
Fax: (907) 452-8154
Email: stevenh@alaskalaw.com

CSG, INC.
ATTORNEYS AT LAW
714 FOURTH AVENUE, SUITE 200
FAIRBANKS, ALASKA 99701
PHONE: (907) 452-1855
FAX: (907) 452-8154

Defendant's Sentencing Memorandum
USA v. Liang & Phelan; 4:23-cr-00013-RRB-SAO
Page 4 of 5

Case 4:23-cr-00013-RRB-SAO   Document 91   Filed 12/23/24   Page 4 of 7

Attorney Bar #0911053

**CERTIFICATE OF SERVICE**
This is to certify that on this 8th day of August, 2023, a true and correct copy of the foregoing was served electronically on:

US Attorney's Office through CM/ECF

By: _____/s/ Steven S. Hansen_____
CSG, Inc.

**CSG, INC.**
ATTORNEYS AT LAW
714 FOURTH AVENUE, SUITE 200
FAIRBANKS, ALASKA 99701
PHONE: (907) 452-1855
FAX: (907) 452-8154

Defendant's Sentencing Memorandum
*USA v. Liang & Phelan; 4:23-cr-00013-RRB-SAO*
Page 5 of 5

Case 4:23-cr-00013-RRB-SAO    Document 91    Filed 12/23/24    Page 5 of 7

Dear Judge Beistline,

I write today to take responsibility for helping Jun Liang, who I knew as Harry, in his illegal guiding business. Much of what he had me do was legal, but sometimes it wasn't and I looked the other way and pretended what I was doing wasn't wrong. But I knew it was and have regretted it ever since.

Within days of being charged I met with prosecutors and law enforcement to talk to them about what I knew. They didn't offer me anything to do so but that wasn't why I wanted to talk to them. I wanted to talk to them to start making things right.

Hunting and fishing have always been ways for me to relax and recharge. It is a special way to get back into nature and it has a lot to do with why my family and I moved to Alaska. I haven't gone hunting once since this happened because I feel like I don't really have the privilege to enjoy that right now.

Since this occurred I've found work that has been very meaningful to me at the Northstar Residential Center, the local halfway house. Appropriately enough it involves people who are facing consequences for their own bad decisions. A good person can make a bad choice, I've learned. I hope that is true of myself, that I am basically a good person who made a serious mistake. When I worked as an EMT in Pennsylvania I helped people. Now that I work in security for Northstar I keep people safe. When I cut corners and helped Harry out I did none of those things.

I know I am not the first person to be scared of sentencing or to have had sleepless nights with regret. And I won't be the last. But this is the first time I have done so. I turn 54 years old the day you will sentence me and I know it will be the last time I put myself in this situation.

Thank you,

Brian Phelan

**Greg Cheney**

Mobile number: 907-290-9760

Email: gregcheney@protonmail.com

To Whom It May Concern:

My name is Greg Cheney, and I would like to speak a word on behalf of Brian Phelan. I am the Facility Director, and Brian's supervisor, at the local Community Residential Center (CRC). Please note that I am speaking as an individual - I do not represent my employer in any way by providing this statement.

I hired Brian as a security supervisor about two years ago, and due to his dependability and ability to work well with others, I recently promoted him to the position of Security Manager. The Security Manager position is equivalent to being the Assistant Director over operations. Brian has shown himself to be a problem solver and as someone who can be trusted to make sound decisions in an environment where decisions can impact staff members, facility residents and the general public. In his role, he is in position to impact the atmosphere inside the facility to a great extent, and it is my observation that he has had a positive influence in an environment that is routinely challenging. Furthermore, I appreciate how he addresses potentially problematic issues in a calm and reasonable manner.

Brian has shown a willingness to go above and beyond in order to be of assistance when the need arises, and in my opinion, he has shown himself to be a generous and considerate individual, both inside and outside of the work setting.

Respectfully, I ask that you take these opinions into consideration.

Sincerely,

*[signature]*

Greg Cheney