S. LANE TUCKER
United States Attorney

CARLY VOSACEK
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK 99701
Phone: (907) 456-0245
Email: carly.vosacek@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | No. 4:23-cr-00013-002-RRB |
|---|---|
| Plaintiff, | |
| vs. | |
| BRIAN SCOTT PHELAN, | |
| Defendant. | |

## SENTENCING MEMORANDUM

The United States recommends imposition of the following sentence:

**INCARCERATION**......................................................................**NOT RECOMMENDED**
**SUPERVISED RELEASE**................................................**NOT RECOMMENDED**
**PROBATION**……………………………………………..…………**FOUR YEARS**
**SPECIAL ASSESSMENT**..................................................................................**$25**
**RESTITUTION** ...................................................................**NOT APPLICABLE**
**FINE**................................................................................................... **$2,000.00**

The United States of America respectfully recommends that the Court impose four years' probation and a $2,000.00 fine for the defendant, Brian Phelan, for Violation of Regulation for Management, Use, and Protection of BLM Land and Lacey Act False

Labeling. A probationary sentence with a fine is the appropriate sentence and disposition of this case. That sentence is sufficient but not greater than necessary to comply with the goals of sentencing.

## I. INTRODUCTION

### a. Case History

The defendant was employed by codefendant Jun Liang, through Liang's company, AK Aurora Tours. On two occasions the defendant provided guide-outfitter services for caribou and brown bear hunts to include meals, vehicles, firearms training, firearms, and transportation for the hunters. On a more regular basis, the defendant brought tourists to various locations on federal land. Neither the defendant nor Liang were licensed by the State of Alaska as big game guide-outfitters or licensed to conduct commercial operations on federal land.

### Procedural History

On October 11, 2024, the defendant pled guilty to Counts 1–3 of the Misdemeanor Information. Counts 1 and 2: Violation of Regulation for Management, Use, and Protection of BLM Land in violation of 16 U.S.C. § 3372(d)(2) with penalty provisions under 16 U.S.C. § 3373(d)(3)(B) and Count 3: Lacey Act False Labeling in violation of 16 U.S.C. § 3372(d)(2) with penalty provisions under 16 U.S.C. § 3373(d)(3)(B).

The defendant entered into a written plea agreement pursuant to Rule 11(c)(1)(A) and (B). The United States agreed to recommend a guideline sentence.

//

//

*U.S. v. Phelan*
4:23-cr-00013-002-RRB     Page 2 of 5
Case 4:23-cr-00013-RRB-SAO    Document 92    Filed 12/23/24    Page 2 of 5

## II. SENTENCING GUIDELINES CALCULATION

### a. Statutory Maximum Sentence

The maximum sentence that may be imposed for Counts 1 and 2: Violation of Regulation for Management, Use, and Protection of BLM Land in violation of 43 U.S.C. § 1733(a), 43 C.F.R. §§ 2932.11(a)(1) and 2932.57(a)(3) with penalty provisions under 43 U.S.C. § 1733(a) and Count 3: Lacey Act False Labeling in violation of 16 U.S.C. § 3372(d)(2) with penalty provisions under 16 U.S.C. § 3373(d)(3)(B), is one years imprisonment; a fine of $5,000.00; and three-years' supervised release, and up to five years' probation.

### b. Sentencing Guidelines Calculation

The United States agrees with the Probation Officer's calculations finding the total offense level to be 6, *see* PSR at 1, and the defendant's criminal history category to be I. The resulting Sentencing Guidelines rage is 0 to 6 months. *Id* at 1.

## III. GOVERNMENT'S RECOMMENDATION

The United States recommends a sentence of four years' probation and a $2.000.00 fine. This sentence is appropriate in light of the defendant's history and characteristics and the nature and circumstances of his conduct. It is sufficient, but not greater than necessary to deter the defendant and others from future criminal activity, and to protect the public. Furthermore, this sentence does not result in an unwarranted sentencing disparity.

### a. The Nature, Circumstances, and Seriousness of the Offense

The nature and circumstances of the offense are serious. The codefendant, Jun Liang, began his illegal tour operation in 2019 and made over $500,000.00.

*U.S. v. Phelan*
4:23-cr-00013-002-RRB    Page 3 of 5
Case 4:23-cr-00013-RRB-SAO    Document 92    Filed 12/23/24    Page 3 of 5

However, the defendant was a minimal participant in the operation and made approximately $9,000.00, just a fraction of the proceeds. The defendant was not an owner or operator of the business, and it appears he simply helped out with tours when asked by Jun Liang. While the entire course of conduct is a serious offense, the defendant's role was minimal.

### b. The History and Characteristics of the Defendant

The Defendant has no previous criminal history. He maintains a steady job, stable housing, strong familial support and was successful on pre-trial supervision. It's unlikely the defendant will have further contacts with the criminal justice system, a probationary sentence is an appropriate outcome.

### c. The Seriousness of the Offense and Just Punishment

The defendant was a minor participant in Jun Liang's criminal enterprise. The defendant should have known his actions were illegal and made different choices, some punishment is warranted to ensure future compliance with the law. A period of supervision should be sufficient to meet that end.

### d. The Need for Adequate Deterrence and Protection of the Public

The sentence imposed must also afford adequate deterrence to criminal conduct. The defendant does not have a history of contact with the criminal justice system. The defendant certainly made poor choices in this case, but he is not likely a further threat to the public.

//

//

*U.S. v. Phelan*
4:23-cr-00013-002-RRB　　　　Page 4 of 5
Case 4:23-cr-00013-RRB-SAO　　Document 92　　Filed 12/23/24　　Page 4 of 5

### e. The Need to Avoid Unwarranted Sentencing Disparities

The recommended sentence is slightly lower than the national average; however, based on the defendant's lack of criminal history and stable employment, it appears a non-custodial sentence is appropriate and will allow the defendant to keep his employment.

### IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests the court impose a sentence of four years' probation and a $2,000.00 fine for the defendant, Brian Phelan. The United States submits that this sentence is appropriate given the minimal role the defendant played in the overall scheme and the lack of substantial financial gain in comparison to Jun Liang. This sentence and is sufficient but not greater than necessary to comply with the purposes of sentencing under 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED December 23, 2024 at Fairbanks, Alaska.

S. LANE TUCKER
United States Attorney

s/ *Carly Vosacek*
CARLY VOSACEK
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2024 a true and correct copy of the foregoing was served electronically on all counsel of record.

s/ *Carly Vosacek*

*U.S. v. Phelan*
4:23-cr-00013-002-RRB    Page 5 of 5
Case 4:23-cr-00013-RRB-SAO    Document 92    Filed 12/23/24    Page 5 of 5